■ In the Matter of the Claim of CHRISTINA SCIGOWSKI, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 1977. The board found that the claimant is disqualified from benefits because she refused employment for which she was reasonably fitted by training and experience and her benefits paid after such refusal were recoverable because of a false, not willful, statement. The decision of the board depends upon what construction can be given a letter claimant received from an employer offering her employment. The letter was dated February 11, 1977 and advised claimant that she was to report to work on February 14, 1977 at 7:00 A.M. The letter then reads, in part, as follows: "Please complete the availability form on the reverse of this letter and return it by as soon as possible in the enclosed envelope, or notify us via telephone at extension 6055 by as soon as possible. If you are not available for work on the above date, or we do not receive a reply from you within 5 work days, it will be assumed that you are not available for duty and another employee will be requested to report in your place." The claimant filled in the availability form and returned it by mail to the employer on February 16, 1977, indicating availability at any time. The employer advised the local office that claimant had refused an offer of employment made to her by letter on February 11, 1977. The claimant signed a summary of interview dated April 22, 1977 wherein she denied refusing employment and

stated that she received the letter on February 14, 1977 at about 4:00 P.M. and had promptly returned the availability form. The local office issued an initial determination disqualifying the claimant from benefits because she "refused a job without good cause * * * you did not act prudently by failing to pursue the possibility of work". The board found that the claimant mailed the availability form to the employer "too late to be considered" and that she "failed to respond in a reasonable time to an offer of suitable employment from a former employer." In particular, the board found that "Because of claimant's delay, the offer was withdrawn." The claimant in this case is being considered to have refused employment because she did not telephone the employer. The referee found that the claimant followed the employer's direction on the face of the letter in responding to the job offer and, consequently, she had not refused employment without good cause. February 11, 1977 was a Friday and the letter—offer of employment —was received by claimant on Monday, February 14, 1977 after the time to report to employment had passed. As the referee noted at the hearing held in this case, the claimant's written response was apparently received by the employer on February 18, 1977 and, as found by the referee, she certainly had complied with the instructions in the letter of February 11, 1977 insofar as reporting availability was concerned. While the most prudent person *might* have telephoned, there is nothing about this letter which would necessitate such a response since it did not arrive in time to be a valid offer for February 14, 1977. The board's decision that the offer was withdrawn because of claimant's delay is without any support in the record. While the record is such as to raise some question about the claimant's availability for employment, there is no evidence to support the finding that she refused an offer of employment. The board's finding that there was no willful false statement is not at issue. Upon remittal, the issue as to claimant's failure to report the job offer and her certification to the local office that she had reported all job offers should be further reviewed. Decision reversed, with costs, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ.,concur.